UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N. KALONJI OWUSU,
#129599

        Plaintiff,        CIVIL ACTION NO. 04-71462

v.                            DISTRICT  JUDGE  GERALD  E.  ROSEN

PATRICIA L. CARUSO, et al.,   MAGISTRATE JUDGE DONALD A. SCHEER

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**   **RECOMMENDATION:**

This cause comes before the Court on Defendants Cummings', Young's, Bain's and Bozung's Motion to Tax Costs.  For the reasons stated herein, I recommend that the motion be granted and that Defendants be awarded $58.40.

**II.**  **REPORT:**

Plaintiff is a prisoner in the custody of the Michigan Department of Corrections.  Judgment was entered in favor of Defendants on January 31, 2005, granting Defendants' Motion for Summary Judgment.  Defendants' Motion to Tax Costs was filed on March 3, 2005.  To date, Plaintiff has not responded.

Federal Rule of Civil Procedure 54(d)(1) states:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...

1

The decision whether to assess costs is within the sound discretion of the court.   Weaver v. Toombs, 948 F.2d 1004, 1014 (6th Cir. 1991).  Prior to the enactment of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§801-10, 110 Stat. 1321 (1996), courts were required to determine whether the prisoner had the capacity to pay the costs assessed.      Id.  The  PLRA  has superseded Weaver to the extent that "[w]hen judgment is entered against a prisoner and costs against the prisoner are assessed, §1915(f)(2)(A) now requires that the prisoner pay the costs either in full, or in accordance with the payment process set forth in §1915(b)(2)."  In re Prison Litigation Reform Act, No. 97-01, p. 15, (6th Cir., February 4, 1997).   Whether the prisoner has the ability to pay costs is no longer an issue.  Id.   However, it appears that the Court still retains discretion to determine whether an award of costs is in order, as the language of In re Prisoner Litigation Reform Act indicates that the PLRA supersedes Weaver's holding that the court must assess the prisoner's ability to pay after the determination to assess costs has already been made.

The costs that may be assessed pursuant to Rule 54(d)(1) include those specified in 28 U.S.C. §§ 1920 and 1923.  Section 1920 authorizes a judge or clerk of the court to tax the following costs:

    (1)   Fees of the clerk and marshal;
    (2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3)   Fees and disbursements for printing and witnesses;

            (4)    Fees  for  exemplification  and  copies  of  papers
                   necessarily obtained for use in the case;
            (5)    Docket fees under section 1923 of this title;
            (6)    Compensation of court appointed experts,
                   compensation of interpreters, and salaries, fees,
                   expenses,  and  costs  of  special  interpretation
                   services under section 1828 of this title.

Section 1923(a) authorizes docket fees in the amount of $20 for a

trial or final hearing, and $5 for a motion for judgment.  The $20

fee may be assessed when a motion for summary judgment is granted

without oral argument.  Meador-Bey v. Jones, No. 92-2379 (6th Cir.

March 17, 1993) (unpublished opinion) (citing Mikel v. Kerr, 64

F.R.D. 93 (E.D. Okla. 1973); aff'd, 449 F.2d 1178 (10th Cir.

1974)).

     Defendants seeks copying costs pursuant to 28 U.S.C. §1920(4),

for three copies of their Brief in Support of Motion for Dismissal

and/or Summary Judgment and accompanying exhibits.[1]  In deference

to Administrative Order 95-AO-078, Defendants' calculation of the

amount uses a ten cent per page figure, for a total of $38.40.

Defendants also seek $20.00 in docket fees pursuant to 28 U.S.C.

§1923(a).  This request is reasonable, and it should be granted in

the total amount of $58.40.

     If Plaintiff is unable to pay the full amount at the present

time, I recommend that Defendants be granted a lien against

Plaintiff's prisoner account, with the full amount to be collected

in accord with Michigan Department of Corrections Policy Directive

---

     [1]Defendants' Brief totaled 128 pages (23 pages of argument
and 105 pages of exhibits).  Three copies totaled 384 pages.

PD 04.02.105.   That rule governs the handling of prisoner funds,

and states, in relevant part:

> Whenever a prisoner incurs an institutional
> debt, such as a damage assessment, parolee
> loan, legal exhibit copies/postage which would
> create a negative account balance, the
> institution shall initially collect 100% of
> the prisoner's positive account balance and
> apply those funds to the debt.  Collection on
> the remaining dept shall be limited to 50% of
> the prisoner's future earnings and funds
> received unless the prisoner agrees in writing
> to a larger assessment.

PD 04.02.105, p. 4.

In summary, I recommend that Plaintiff be ordered to pay

Defendants' costs in the amount of $58.40.   If Defendants are

unable to collect, the Michigan Department of Corrections should be

authorized to withdraw the amount from Plaintiff's prisoner account

in accord with PD 04.02.105.   Any amount so withdrawn should be

paid to Defendants' attorney, Michael A. Cox, Attorney General for

the State of Michigan.

## III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of

this Report and Recommendation, but are required to act within ten

(10) days of service of a copy hereof as provided for in 28 U.S.C.

section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file

specific objections constitutes a waiver of any further right of

appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981),

<u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932

F.2d 505 (6th Cir. 1991).   Filing of objections that raise some

issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


 s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE


Dated: April 13, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N. KALONJI OWUSU,
#129599

      Plaintiff,        CIVIL ACTION NO. 04-71462

v.                       DISTRICT   JUDGE   GERALD   E.   ROSEN

PATRICIA L. CARUSO, et al.,  MAGISTRATE JUDGE DONALD A. SCHEER

      Defendants.
_____/

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Report and Recommendation was served upon the attorneys of record or parties appearing in _pro per_ in the above cause by mailing the same to them at their respective address with postage fully prepaid thereon, on this 13th  day of April, 2005.

    N. Kalonji Owusu, #129599
    Lakeland Correctional Facility
    141 First Street
    Coldwater, MI 49036

    Christine M. Campbell
    Assistant Attorney General
    Corrections Division
    P.O. Box 30217
    Lansing, MI  48909

                    s/Terri L. Hackman

                    Terri L. Hackman, Secretary